UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JAMIE T. JOHNSON,

        Plaintiff,

vs.

FRANK BOVA, et al.,

        Defendants.

CASE NO. 1:13-CV-2784

MEMORANDUM OF OPINION
& ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In an entry dated May 1, 2014, this Court determined that defendant Cuyahoga County Sheriff Frank Bova properly removed this civil rights action to the United States District Court for the Northern District of Ohio based on federal question jurisdiction. At that time, plaintiff *pro se* Jamie T. Johnson was ordered to serve a summons and complaint upon Defendant John Doe Deputy Sheriff. Johnson was advised that if service was not made within 30 days from the date of the Order, the Court may dismiss the action against the unserved defendant, without prejudice. FED.R.CIV.P. 4(m). Although the 30 day period has expired, Johnson has neither perfected service upon the defendant nor sought additional time to do so.

Accordingly, John Doe Deputy Sheriff is dismissed, without prejudice, as a party defendant

-1-

Case No. 1:13-CV-2784
Gwin, J.

from this action. The Court will now address the Complaint against the remaining defendant Sheriff Bova.

## I. Background

On September 13, 2013, Johnson was alerted by telephone that representatives from the Liquor Control Board wanted to speak with him and were at his place of employment, a local bar. Johnson entered the bar through a rear entrance and was advised by another employee that it would be better if he left. Plaintiff heeded the advice and left through the same door he entered. Before leaving he did see six police cars at the front of the building. As Johnson drove toward his mother's house, he noticed the police cars were now following close behind him. At that point, Plaintiff pulled into the drive way of what he thought was an abandoned home.

The police directed Plaintiff to exit his vehicle and lie face down on the pavement. Johnson alleges he immediately complied and was handcuffed behind his back. Another officer approached and started kicking Johnson in the face and side. This allegedly continued until the Canine Unit Officer "told him that was enough." (Doc. No. 1 at 5).

Johnson alleges he "sustained serious injuries but was taken directly to the Cuyahoga County Jail." *Id.* When asked by the Intake Person if he were okay, Johnson advised he needed medical attention. The individual allegedly advised that the Sheriff should have taken him to the hospital. At the time he was booked, Johnson claims he could only present his left hand for fingerprints because he sustained injuries to his right hand during the beating by Officer John Doe.

In addition to allegations that Officer John Doe used excessive force to arrest him, Johnson claims Sheriff Bova "is legally responsible for all officer[s] under his command, and that each

-2-

Case No. 1:13-CV-2784
Gwin, J.

officer is trained to respond with appropriate force at arrest of suspects that are alleged to have committed a crime." (Doc. No. 1 at 6.) He seeks $100,000.00 in damages from him.

## II. Legal Standard

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F.Supp.2d 809 (N.D.Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); see *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re*

---

[1] The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

28 U.S.C. §1915A(b)(1)(2009)

Case No. 1:13-CV-2784
Gwin, J.

*Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### III. Respondeat Superior

The Court determined the Removal of this case from state court was proper because it has federal question jurisdiction over the matter as part of the Civil Rights Act of 1871, or 42 U.S.C. §1983. Specifically, Johnson alleges the defendant violated his rights under the Fourteenth Amendment of the Constitution. Based on the facts alleged in the Complaint, however, he cannot sustain his claim against Sheriff Bova.

Johnson alleges simply that the Sheriff is "legally responsible for all actions and activities concerning the Cuyahoga County Sheriff's Department." (Doc. No. 1 at 5.) Clearly, this allegation is based on respondeat superior, or the doctrine "holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Black's Law Dictionary 1505 (10th ed. 2014). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)).

For liability to attach, the supervisor must have actively engaged in unconstitutional behavior. *Id*. Liability must be based on more than the right to control employees and cannot rely on simple negligence. *Id.* Under these circumstances, Johnson would need to allege Sheriff Bova did more than play a passive role in the alleged violations or show mere tacit approval of the alleged beating. *Id*. To make Sheriff Bova liable, Johnson must show he somehow encouraged or condoned the actions of Deputy Sheriff John Doe. *Id*.; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th

Case No. 1:13-CV-2784
Gwin, J.

Cir.1995).

There is no allegation, however, that Sheriff Bova was involved, condoned or encouraged the actions of Officer John Doe. Therefore, Johnson has failed to state a claim for relief against him.

## IV. Conclusion

Based on the foregoing, Deputy Sheriff John Doe is dismissed without prejudice and the remaining claims against Sheriff Bova are dismissed with prejudice pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: June 9, 2014              *s/          James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."